Appellant, v ROBERT J. HENDERSON, as Superintendent of the Auburn Correctional Facility, et al., Respondents.—Judgment unanimously affirmed. The issues raised herein may properly be raised on the appeal from the judgment of conviction. (Appeal from judgment of Cayuga Supreme Court—habeas corpus.) Present—Marsh, P. J., Moule, Dillon, Hancock, Jr., and Witmer, JJ.

■ In the Matter of GEORGE W. REESE, Respondent, v WILLIAM M. LOMBARD, as Sheriff of Monroe County, Appellant, and LUCIEN A. MORIN, as Manager of Monroe County, et al., Respondents. (Appeal No. 1.)—Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: This case was previously remitted for proof respecting the nature of petitioner's duties in the Monroe County Sheriff's Department *(Matter of Reese v Lombard,* 57 AD2d 705). A hearing was held at which, among others, Monroe County Sheriff Lombard, petitioner Albert Detandt, and the Personnel Manager of the Monroe County Civil Service Commission appeared and testified. After hearing the testimony of these witnesses, the Supreme Court Justice presiding found that "all petitioners are required to perform both civil and criminal duties". We adopt that finding of fact. Since none of the petitioners perform exclusively criminal duties *(Matter of Flaherty v Milliken,* 193 NY 564; *Amico v Erie County Legislature,* 36 AD2d 415, affd 30 NY2d 729), they must be considered to be in the personal service of the Sheriff who may be held personally liable for their negligence or misconduct in the execution of civil duties (NY Const, art XIII, § 13). Therefore, respondent Sheriff is not bound by the collective bargaining agreement executed by his predecessor in office *(Matter of Sirles v Cordary,* 40 NY2d 950, affg 49 AD2d 330). (Resubmission of appeal from judgment of Monroe Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Dillon, Denman and Witmer, JJ.

■ In the Matter of WILLIAM SEXSTONE, Respondent, v WILLIAM M. LOMBARD, as Sheriff of Monroe County, Appellant, and LUCIEN A. MORIN, as Manager of Monroe County, et al., Respondents. (Appeal No. 2.)—Judgment unanimously reversed, without costs, and petition dismissed. Same memorandum as in *Matter of Reese v Lombard* (60 AD2d 793). (Resubmission of appeal from judgment of Monroe Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Dillon, Denman and Witmer, JJ.

■ In the Matter of RICHARD C. SCHOTT, Respondent, v WILLIAM M. LOMBARD, as Sheriff of Monroe County, Appellant, and LUCIEN A. MORIN, as Manager of Monroe County, et al., Respondents. (Appeal No. 3.)—Judgment unanimously reversed, without costs, and petition dismissed. Same memorandum as in *Matter of Reese v Lombard* (60 AD2d 793). (Resubmission of appeal from judgment of Monroe Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Dillon, Denman and Witmer, JJ.

■ In the Matter of DAVID C. STEINMILLER, Respondent, v WILLIAM M. LOMBARD, as Sheriff of Monroe County, Appellant, and LUCIEN A. MORIN, as Manager of Monroe County, et al., Respondents. (Appeal No. 4.)—Judgment unanimously reversed, without costs, and petition dismissed. Same memorandum as in *Matter of Reese v Lombard* (60 AD2d 793). (Resubmission of appeal from judgment of Monroe Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Dillon, Denman and Witmer, JJ.

■ In the Matter of ALBERT D. DETANDT, Respondent, v WILLIAM M. LOMBARD, as Sheriff of Monroe County, Appellant, and LUCIEN A. MORIN, as Manager of Monroe County, et al., Respondents. (Appeal No. 5.)—Judgment unanimously reversed, without costs, and petition dismissed. Same memo-

randum as in *Matter of Reese v Lombard* (60 AD2d 793). (Resubmission of appeal from judgment of Monroe Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Dillon, Denman and Witmer, JJ.

In the Matter of LAWRENCE D. CHESLER, an Attorney.—A certified copy of a judgment of conviction of Lawrence D. Chesler, an attorney, in the Supreme Court, Monroe County, of the crime of grand larceny, second degree, and criminal facilitation, second degree, having been presented to this court, he is disbarred and his name is stricken from the roll of attorneys. Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.

WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, v ARTHUR CROSSLEY, Appellant.—Motion for reargument granted, and upon the decision of the Court of Appeals in *Matter of Parker v Stage* (43 NY2d 128) order of this court affirming the order of Wayne County Family Court of November 12, 1976 vacated, and order of Wayne County Family Court reversed and petition of Wayne County Department of Social Services for reimbursement from respondent for public assistance granted to his emancipated daughter under 21 years of age, under subdivision 1 of section 101 of the Social Services Law denied and dismissed without costs. Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.